IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

STEVEN LEONI,

    Plaintiff,

vs.                                  Case No. 4:04cv493-RH/WCS

PORSCHE CARS OF
NORTH AMERICA, INC.,

    Defendants.

_____/

## O R D E R

Defendant has moved to compel discovery. Doc. 19. Plaintiff did not file a timely response to the motion to dismiss, despite the court's order that he do so, and Plaintiff has not filed a response to this motion either.

**Allegations of the complaint**

The only surviving claim is count one, a breach of written warranty claim under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, et seq., arising from the purchase of a Porsche motor vehicle on March 22, 2003, for about $94,000. Plaintiff alleges that he tried to revoke his acceptance of the car without success, and the motor vehicle continues to remain in a defective condition. Doc. 1, complaint, ¶¶ 17-20.

**Interrogatory 18**

Interrogatory 18 asks Plaintiff to state the odometer mileage of this motor vehicle, where the motor vehicle is now located, the state of registration, the license tag number, and identify any state where sales tax was paid. Plaintiff's answer is: "Plaintiff does not recall."

This response is deeply troubling. There is no assertion by counsel for Plaintiff that Plaintiff suffers from memory impairment. Surely Plaintiff knows the location of a motor vehicle he purchased for $94,000. The motion to compel is granted as to this interrogatory.

The response to interrogatory 18 was unprofessional and discourteous to opposing counsel. The response informed the other lawyer "I am not going to answer your interrogatory and I am not going to tell you why." Such a response multiplies the proceedings unreasonably and vexatiously because the only recourse to such a response is a motion to compel. 28 U.S.C. § 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Counsel for Plaintiff, as well as Plaintiff, will be required to show cause why they should not be sanctioned pursuant to 28 U.S.C. § 1927.

**Request for production 15**

This request seeks a copy of the title to this motor vehicle.  Plaintiff's response is: "See documents attached to this response.  Investigation continues."  Defendant represents that it did not receive a copy of the title in the "documents attached."

It is inconceivable that Plaintiff parted with $94,000, either in cash or in a promise to pay a lender, without obtaining a title to this motor vehicle or without extensive knowledge as to why he does not have a title.  The response is an abuse of the discovery process and appears to be violative of 28 U.S.C. § 1927.  The motion to compel is granted as to this request for production.

**Request for production 14**

Request for production 14 is a conditional request for production of Plaintiff's personal income tax returns for the years 1999-2004.  The request is worded so that if Plaintiff does not seek "incidental or consequential damages," he may say so and not produce the tax returns.  Plaintiff's response is:  "Objection: vague, ambiguous, overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.  Investigation continues."

There is nothing vague or ambiguous about this request.  Nor is the request "overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence."[1]  Plaintiff seeks "incidental and consequential damages incurred."  Doc. 1, complaint, ¶ 32.a.  The most obvious potential kind of consequential damages for the deprivation of a motor vehicle would be economic, related to personal income.  The response this interrogatory is no response at all, is an

---

[1] "[I]ntoning the 'overly broad and burdensome' litany, without more, does not express a valid objection."  <u>Mead Corporation v. Riverwood Natural Resources Corporation</u>, 145 F.R.D. 512, 515 (D. Minn. 1992).

Case No. 4:04cv493-RH/WCS

abuse of the discovery process, and appears to be violative of 28 U.S.C. § 1927. The motion is granted as to this request.

**Request for production 31 and Interrogatory 16**

This request and the interrogatory seeks documents and information concerning any depreciation, deductions, or expenses taken on income tax returns related to the purchase, use, or lease of this motor vehicle. Plaintiff objects that this will not lead to relevant evidence. Cited for this in part is Results Real Estate, Inc. V. Lazy Days R.V. Center, Inc., 505 So. 2d 587 (Fla. 1987), which held under Florida law that a corporation that purchased a new motor vehicle was a "consumer" protected by the Florida Motor Vehicle Warranty Enforcement Act, FLA. STAT. § 681.101, et seq.

Plaintiff has not made any claim under this Florida law, *and* he has asserted entitlement to incidental and consequential damages. This is Plaintiff's case. It is incumbent upon Plaintiff's lawyer to know what the claims are.

While not argued by Plaintiff, it is uncertain whether such information ultimately will be relevant. Section 2302(a) of the Magnuson-Moss Warranty Act defines "consumer products" as "any tangible property which is distributed in commerce and which is normally used for personal, family, or household purposes . . . ." Some courts hold that if the "*type* of product is 'normally used' for consumer purposes, then the product in any given case is a consumer product within the meaning of the Act regardless of whether it was used for commercial purposes." Najran Co. for General Contracting and Trading v. Fleetwood Enterprises, Inc., 659 F.Supp. 1081, 1099 (S.D. Ga. 1986) and cases cited. A car is a type of product normally used for household purposes. *But see* Balser v. Cessna Aircraft Co., 512 F.Supp. 1217, 1219-1220 (N.D.

Ga. 1981).  Since the legal issue is unresolved, it cannot be said that this discovery may not lead to admissible evidence.  Thus, the information sought is relevant for discovery purposes and the motion will be granted as to this request for production.

**Failure to sign the interrogatories under oath**

Plaintiff failed to sign the answers to the interrogatories and did not do so under oath.  He will be ordered to do so.

Accordingly, it is **ORDERED** that:

1. Defendant's motion to compel is **GRANTED**.  On or before **May 10, 2005**, Plaintiff shall completely respond to the discovery discussed above, sign **all** of the interrogatory answers under oath, and, pursuant to Fed.R.Civ.P. 37(a)(4)(A), shall pay Defendant $800 as Defendant's costs in pursuit of this discovery.

2. On or before **May 10, 2005**, Plaintiff's attorney and Plaintiff shall **SHOW CAUSE** why they should not be further sanctioned pursuant to 28 U.S.C. § 1927.

**DONE AND ORDERED** on April 26, 2005.


s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**