### IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

STEVE LEONI,

    Plaintiff,                            CASE NO. 4:04cv493-RH/WCS

v.

**PORSCHE CARS NORTH AMERICA, INC.**

    Defendant.

_____/

## O R D E R

    The court has entered judgment in accordance with the agreement of the parties, retaining jurisdiction to enforce the settlement and the orders of April 26, 2005 (doc. 22), and May 2, 2005 (doc. 24).  Docs.  26 and 27.  It is assumed from Defendant's response to the notice of dismissal, doc. 25, that Plaintiff has not yet paid the $800 as previously ordered, but that is unclear.  It is clear that Plaintiff and his attorney have not complied with the last order to show cause by May 10, 2005, why they should not be further sanctioned as ordered by the first order.  Doc. 22.

    My concerns about the way in which the attorney for Plaintiff responded to the discovery at issue was set forth in the order of April 26, 2005.  Doc. 22.  Since Plaintiff's attorney has again failed to file a response to a pending matter in this case, it must be

concluded that my concerns were justified.

Most civil cases settle, but they must be litigated as if they were going to trial. Discovery is one of the most important procedures on the way to trial. Responses to discovery must follow the rules. If a party does not have a legitimate objection to a discovery request, the information sought must be produced. A motion for an extension of time is the remedy when an attorney has difficulty obtaining the materials.

The expenses of this round of discovery were imposed upon Plaintiff. Plaintiff apparently is less at fault than Plaintiff's attorney for unfairly blocking legitimate discovery.

Accordingly, it is **ORDERED** that:

1. Plaintiff's attorney, Mimi K. McAndrews, is personally liable for the $800 in costs previously imposed upon her client, and Plaintiff's liability for payment of the $800 is vacated.

2. On or before **May 31, 2005**, Ms. McAndrews shall pay to Defendant $800, if that payment has not already been made, and shall file with this court a certification that the amount has been paid from her personal funds and not from Plaintiff's funds. If payment has already been made, on or before **May 31, 2005**, Ms. McAndrews shall reimburse Plaintiff $800 and shall file with this court a certification that Plaintiff has been reimbursed in full.

**DONE AND ORDERED** on May 20, 2005.

                           s/    William C. Sherrill, Jr.
                           **WILLIAM C. SHERRILL, JR.**
                           **UNITED STATES MAGISTRATE JUDGE**